# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JET REMODELING,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:07-cv-758-Orl-19KRS**

**SHAH MOHAMMED,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)** |
| **FILED:** | **May 3, 2007** |

On May 3, 2007, Plaintiff JET Remodeling, LLC (JET) filed a Complaint against Shah Mohammed. Doc. No. 1. JET also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

Artificial entities such as JET, which is a corporation, are not entitled to proceed *in forma pauperis* under § 1915. *See Rowland v. Ca. Men's Colony,* 506 U.S. 194 (1993). Accordingly, JET's motion to proceed *in forma pauperis* must be denied.

Additionally, "federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal

quotations and citations omitted). In its Complaint, JET alleges that it entered into a contract with Shah Mohammed, agreeing to provide labor, services, and materials for a construction project related to Mohammed's residential house. The last day on which JET performed work was April 10, 2007. Mohammed furnished JET with three checks for its work; however, Mohammed maintained insufficient funds in the bank account from which these checks were drawn, and JET has not received payment for its services. In total, Mohammed provided JET with insufficient checks amounting to $50,000. Doc. No. 1 at 2.

It is not clear from the Complaint what, if any, basis for federal jurisdiction exists in this case. JET asserts no violations of federal law such that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331. In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The Complaint does not provide any indication as to the citizenship of either of the parties, and it appears that the amount in controversy is $50,000. Therefore, the Complaint presents an insufficient basis to conclude that the Court could exercise diversity jurisdiction in this matter.

Finally, pursuant to Middle District of Florida Local Rule 2.03(e), "a corporation may appear and be heard only through counsel admitted to practice" in this Court. Accordingly, JET will not be permitted to proceed in this action unless and until an attorney files an appearance on its behalf.

## III. RECOMMENDATION.

Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), I respectfully recommend that the Complaint be **dismissed without prejudice**, and that the motion for leave to proceed *in forma pauperis*, doc. no. 2, be **denied**. If JET pays the filing fee and an attorney who is

a member of the bar of the Court files an appearance on its behalf, JET should be given leave to file an amended complaint to allege a basis for this Court to exercise jurisdiction. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Accordingly, I further recommend that the Court give the plaintiff eleven days from the date of the ruling on this Report and Recommendation to obtain counsel admitted before this Court, to file an amended complaint, and to pay the required filing fee.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 29, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy